Tayiok, Chief-Justice,
 

 delivered the opinion of the Court i
 

 William Salter devised to his grandson, William James Salter, the land in question, and died in 1802, having, when the will was made, several daughters and one son, Richard Salter, who was the father of William James. The daughters of William survived him : his son Richard died before him, whereby William James became one of the heirs at law of his grandfather. Of the two sisters of William James, one died without issue, and the other intermarried with the Defendant. The Complainants are the children of the mother of William James, by a second marriage, and of course his brothers and sisters of the half blood of the maternal line j and the question is, whether the land shall be divided between them and the Defendant’s
 
 *211
 
 wife, the sister of the whole blood, or whether the latter shall take the whole.
 

 If William James Salter acquired the land under the will and by purchase, the Complainants are entitled to share with the wife of the Defendant: If he acquired it by descent from his grandfather, and the will operated nothing, then the sister of the whole blood will exclude the brothers and sister of the half blood, according to the cases of Pipkin and others v. Coor, and Ballard
 
 v.
 
 Griffin.
 
 *
 
 If a man devise his land to his heirs without changing the tenure or quality of the estate, the heirs are in by
 
 descent;
 
 and in all cases where they take the same estate by will, which they would have taken if the ancestor had died intestate, the law is the same. In conformity with this rule, it was decided, in the case of the University
 
 v.
 
 Holstead,
 
 †
 
 that where a man devised to his two daughters and their heirs forever, to be equally divided between them, the devise was void, and they took by descent, because the words made them tenants in common, which they would have been under the act of Assembly regulating descents, had their ancestor died intestate. It had been decided in a case some years before, that where the daughters who wore the only heirs at law, had been created joint-tenants under a will made before 1784, they took by purchase.
 
 ‡
 
 And in this case, if William James Salter had been the solo heir to his grandfather, there could have been no doubt that he would have taken by descent, and the devise must have been held void. But there were several daughters of William Salter, (how many is not stated) who survived him, and who were consequently his heirs at law, together with William James, and would have been entitled to an equal share with him. Whether all the land, or an equal part, was devised to William James, does not appear from the recoi’d, and we cannot presume either way. Now although the act regulating descents directs that the heirs shall take as tenants, in common, yet I apprehend the-
 
 *212
 
 design of that was only to exclude survivorship : for in reality, besides the unity of possession, they are generally assimilated to parceners by the unities of title and interest, all coming in by descent from the same ancestor, and claiming the same interest. Suppose the devise in this case to be of
 
 all
 
 the land which belonged to the grandfather, the testator j it may be asked, what part of it can be claimed as heir, by William James ? Certainly only an equal share with the rest of the heirs 3 and, therefore, to view the case under the most favorable aspect, the devise could only be considered void as to that share, and the devisee would take all the rest as a purchaser under the will. But, upon the supposition that the devise is confined to such share as the devisee would have inherited, I cannot find any solid ground on which it is to be adjudged void. In the case of parceners, a devise to one is deemed good 3 as where one having two daughters, devises all to one 3 she shall take all by the devise, and shall not take a moiety by descent as heir, and a moiety by the devise : For this is not a devise to
 
 an
 
 heir, because
 
 both
 
 parceners make the heir, and the one is not an heir without the other. There can be no such descent as the descent of a moiety to one coparcener as heir. If one plead a descent
 
 “ Uni Felice et Cohairetti”
 
 it will be ill. Besides, if it Avere held that one took a moiety by descent, it must be held,
 
 consequently,
 
 that the devise, as to a moiety, was void, and then that moiety ought to descend to both, as heirs to
 
 the testator,
 
 and consequently the devisee would have but three-fourths of the lands where they were devised to her
 
 in toto.
 
 This Avas determined in the case of Reading
 
 v. Royston.
 

 †
 

 There, B C, having t\yo daughters, one of which had issue a son, and died, devised the land to his son and Ms heirs forever; and the question was, whether the son should take all by the devise, or the one moiety by descent, and the other moiety by devise ? for then, as to that moiety he took by descent, his aunt, the other daughter, would be coparcener Avith him. And it Avas argued, that where two titles concur, the
 
 *213
 
 elder shall be preferred, and that as to one moiety, which the grandson had by the devise, he had the same estate in it, and none other by the devise, than he would have had without it 5 and, therefore, since the devise worked no alteration in point of estate as to that, the grandson should take it in
 
 potiorijure,
 
 which was by descent. But it was resolved by the Court, that the grandson should take all by the devise, and could not take a moiety by the descent as heir, and a moiety by the devise.
 
 *
 
 Much of the reasoning in these cases is applicable to the case before us, and the analogy in principle has considerable strength. The conclusion is, that William James took under the devise as a purchaser, and that the Complainants are entitled to share in the division of the land with the Defendant.
 

 *
 

 1Law Repos, 103. 2 do. 595. 2 Murphey 231. 4 N.C. 237
 

 †
 

 1dem. 406. 4 N.C. 289
 

 ‡
 

 Conf. Rep. 291.
 

 †
 

 2 Ld. Raym. 829, 1 Salk. 242, 1 Com. 123 (1702).
 

 *
 

 C. Litt. 163, b. Salk. 242. 2 Ld. Raym, 829.